

*"Protecting Consumers' Rights"*

July 15, 2015

<u>*VIA ELECTRONIC FILING*</u>

The Honorable Michael A. Hammer
United States Magistrate Judge
Martin Luther King Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Gold Group Enterprises, Inc. v. James Bull*, United States District Court for the District of New Jersey, Civil Action No. 14-cv-07410-ES-MAH

Dear Judge Hammer:

The Respondent James Bull ("Respondent") is submitting this letter in response to this Court's directive in its June 16, 2015 Order (Dkt. No. 10) to explain that the Respondent is seeking additional material from the Petitioner Gold Group Enterprises, Inc. ("Gold Mobile"). This letter is being submitted as a Joint Discovery Letter at the request of this Court.

A.   <u>Conference Between the Parties</u>

Prior to the submission of this Joint Discovery Letter, the parties conferred in good faith in an attempt to avoid judicial intervention. During that process, the parties were able to narrow the disputes that are being submitted to this Court, as further explained below. However, judicial intervention is required on the remaining issues in dispute.

B.   <u>Status of Compliance with this Court's Order</u>

This Court required that Gold Mobile produce the following:

> (1) the total number of individuals who received text advertisements from US Coachways similar to Plaintiff's; (2) the substances of those text messages sent on behalf of US Coachways; and (3) the manner by which Petitioner delivered those text messages on behalf of US Coachways.

*See* Dkt. No. 10 at 9.  Gold Mobile is in compliance with the first and second parts of the Court's Order.  With respect to the third part of the Order, "the manner by which Petitioner delivered those text messages on behalf of US Coachways," Gold Mobile has provided Respondent with non-confidential material that it believes definitively establishes that Gold Mobile's system for disseminating text messages on behalf of US Coachways is not an "automatic telephone dialing system," as that term is defined by 47 U.S.C. § 227(b)(1)(A).  Gold Mobile elected to comply in this manner because it narrowly addressed the key legal issue from Respondent's perspective without requiring pursuit of a protective order with the appropriate Attorneys' Eyes Only classification.  Gold Mobile is awaiting an assessment from Respondent's expert as to whether this material satisfactorily addresses this issue.  If not, Gold Mobile will seek a protective order with an Attorneys' Eyes Only classification prior to any more detailed disclosures.

### C. Additional Materials Sought by the Respondent

The Respondent is also seeking additional materials from Gold Mobile that were the subject of conference between the parties but no resolution could be reached.

**Plaintiff's Position:** The Plaintiff's subpoena included the following request:

> **Request No. 3:** All correspondence relating to advertising (or generating leads for) US Coachways entered into by your company.

This request is seeking correspondence related to the business relationship between Gold Mobile and US Coachways, which is directly at issue in this litigation, since it is as a result of

that relationship that the Plaintiff and putative class members received the text message advertisements. Gold Mobile provided both electronic mail marketing services and text message marketing services to US Coachways. In an effort to further relieve any burden on Gold Mobile, the Respondent, prior to the filing of this letter, offered to limit the production of that correspondence in two ways. First, the Respondent limited the request to exclude any correspondence that US Coachways was included on, as the Respondent will presumably be able to obtain those documents from US Coachways. Second, the Respondent has further limited this request to communications explicitly about text messages, despite the fact that general correspondence about the account may also be relevant to the text message campaign. Gold Mobile served as the sole consultant for the text message advertising that occurred in this litigation, which included hundreds of thousands of text messages that were sent to putative class members. Gold Mobile is the only entity in possession of the requested documents, and other than through this subpoena, the Respondent has no avenue to obtain those documents, and requests that they be produced.

**Defendant's position:**

The scope of the matter properly raised to the Court in this proceeding is solely Gold Mobile's petition to quash Request No. 1 of the Subpoena. *See* Dkt. 1 at 5. Respondent was well aware of his ability to cross-petition to compel production concerning other requests in the Subpoena and, in fact, threatened to do so with respect to Request No. 3. *See* Exh. A (December 22, 2014 Letter from Anthony I. Paronich, Esq.). However, after meeting and conferring with Gold Mobile, Respondent never followed through on this threat. Indeed, Gold Mobile consistently has represented to Respondent that it has no documents responsive to Request No. 3.

*See id.* at 1; Dkt. 1 at ¶ 9.  The Court's Order is not an invitation to improperly expand the scope of this matter to include compliance with other Subpoena requests that Respondent effectively was waived.

                    Regards,

                     */s/ Matthew P. McCue*

                    Matthew P. McCue